.۲ED STATES DIS۱۹۱ی ۱ی
DENVER, COLORADO

APR 1 3 2005

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-N-29 (CBS)

RICHARD D. CHARLESWORTH,
        Applicant,

v.

HECTOR A. RIOS, JR., Warden FCI Florence,
        Respondent.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") (file-stamped January 7, 2005). Pursuant to the February 14, 2005 General Order of Reference, this case was referred to the Magistrate Judge to "[h]ear and determine any pretrial matter" and "to submit to me proposed recommendations for my disposition of any motion . . . to dismiss the entire action involuntarily." The court has reviewed the Petition, Respondent's Answer (filed April 7, 2005), the entire case file, the exhibits, and the applicable law and is sufficiently advised in the premises.

I.      Statement of the Case

    Charlesworth is currently incarcerated at FCI-Florence in Florence, Colorado. On March 9, 1984, Charlesworth was sentenced by the United States District Court for the District of Nevada to one term of five years imprisonment plus one term of ten years imprisonment for several offenses, for a total sentence of fifteen years. (*See* Respondents' Exhibit 2 at pp. 7-8; Attachment 1 to Respondents' Exhibit 3). On July 19, 1984, Charlesworth was convicted in Colorado of third degree burglary and sentenced to a term of two years imprisonment in the Colorado Department of Corrections to run concurrently

1

with his federal sentence, followed by one year of parole. Charlesworth was given credit for 375 days of presentence confinement and good time on his state sentence. (*See* Respondents' Exhibit 4 (Judgment of Conviction: Sentence and Order to Sheriff for Case No. 83CR1859)). On July 31, 1984, Charlesworth was paroled from the Colorado Department of Corrections to the United States Marshal Service to begin serving his 15-year federal sentence.

On July 29, 1988, Charlesworth escaped from federal custody and was not apprehended until April 30, 1998. Charlesworth was convicted of escape in violation of 18 U.S.C. § 751(a) and sentenced to 33 months imprisonment to run consecutively to his original 15-year sentence from 1984. (*See* Respondents' Exhibit 2 at p. 3). Charlesworth's original 15-year sentence was completed on September 21, 2000. (*See* Respondents' Exhibit 2 at p. 8). The escape sentence began to run on September 21, 2000 and was completed on February 11, 2003. (*See* Respondents' Exhibit 2 at p. 4).

Charlesworth was also convicted of manufacture of counterfeit currency, in violation of 18 U.S.C. § 471, and unlawful possession of a firearm after conviction of a felony, in violation of 18 U.S.C. § 922(g)(1), committed while he was on escape status. (*See* Respondents' Exhibit 2 at pp. 5-6). Charlesworth is presently serving a 71-month sentence for that conviction that commenced on September 21, 2000. (*See* Respondents's Exhibit 2 at p. 6). Charlesworth's projected release date is November 15, 2005. (*See* Respondents' Exhibit 2 at p. 6).

The Petition sets forth one claim alleging that Charlesworth has been denied 11 months and 12 days credit for time served from August 19, 1983 to July 31, 1984. (Petition at p. 3; "Attachment" at pp. 1-2).[1]

---

[1]    The court assumes without specifically deciding that Charlesworth has standing and his claim is not moot. (*See* Respondents' Answer at pp. 5-9).

II.   Analysis

The decision whether to allow prior custody credit lies within the discretion of the Attorney General through the Bureau of Prisons ("BOP"). *See United States v. Edwards*, 960 F.2d 278, 281 (2d Cir. 1992) (under the clear language of Title 18 U.S.C. § 3568 [repealed in 1984 upon enactment of 18 U.S.C. § 3585], the decision whether to allow prior custody credit lies within the discretion of the Attorney General and the Bureau of Prisons), *overruled on other grounds*, 503 U.S. 329 (1992). Nevertheless, the district court may review the BOP's determination under 28 U.S.C. § 2241. *See Bennett v. U.S. Parole Commission*, 83 F.3d 324, 327 (10th Cir. 1996) ("In the event of a dispute over the calculation or application of credits by the BOP, the district court has jurisdiction to review that determination if petitioner has exhausted administrative remedies").

Because Charlesworth's federal offenses were committed prior to November 1, 1987, the issue of jail time credit on his federal sentences is governed by 18 U.S.C. § 3568 (repealed by the Comprehensive Crime Control Act of 1984, Pub. L. 98-473, Title II, § 212(a)(2), 98 Stat. 1987). The record demonstrates that on July 10, 1983, Charlesworth was arrested on a state charge for third degree burglary. (*See* Respondents' Exhibit 3 at ¶ 4). On August 19, 1983, Charlesworth was taken from state custody into temporary federal custody via a federal writ of *habeas corpus ad prosequendum* for prosecution on federal charges. (*See* Respondents' Exhibit 3 at ¶ 5). On March 9, 1984, Charlesworth was sentenced in federal court in the District of Nevada. (*See* Respondents' Exhibit 3 at ¶ 6). On March 19, 1984, Charlesworth was returned to the custody of the State of Colorado. (*See* Respondents' Exhibit 3 at ¶ 7). On July 19, 1984, Charlesworth was sentenced by the state court. (*See* Respondents' Exhibit 3 at ¶ 7). On July 31, 1984, Charlesworth was paroled from his state sentence and began to serve his federal sentence. (*See* Respondents' Exhibit 3 at ¶ 8). Charlesworth's federal sentence commenced on July 31, 1984, the date on which he was received at the penitentiary. *See*

3

*United States v. Temple*, 918 F.2d 134, 135 (10th Cir. 1990) (pursuant to § 3568, "[t]he sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary . . . for service of such sentence"). (*See also* Respondents' Exhibit 3 at ¶ 9; Attachment 1 to Respondents' Exhibit 4).

The State of Colorado had primary custody of Charlesworth until July 31, 1984. The time spent by Charlesworth in federal custody from  August 19, 1983 until July 31, 1984 was pursuant to a federal writ of *habeas corpus ad prosequendum*. The time Charlesworth spent in federal custody from August 19, 1983 until July 31, 1984 pursuant to a federal writ of *habeas corpus ad prosequendum* was included in the 375 days of presentence confinement and good time credited toward his state sentence. (*See* Respondents' Exhibit 3 at ¶ 11). Charlesworth received credit toward his state sentence for the time he spent in federal custody from August 19, 1983 until July 31, 1984.

A petitioner who is temporarily transferred to federal officials from a state prison pursuant to a writ of *habeas corpus ad prosequendum* remains in the primary custody of the "sending sovereign" - here the state of Colorado - until that sovereign relinquishes jurisdiction over him. See 18 U.S.C. § 3568 ("[t]ime spent under a federal writ of habeas corpus from non-federal custody will not, in itself, be considered for the purpose of awarding presentence time credit") (Attachment 2 to Respondents' Exhibit 3)); *Jake v. Herschberger*, 173 F.3d 1059, 1061 n. 1 (7th Cir. 1999) ("Because the receiving sovereign merely obtains limited jurisdiction over the 'borrowed' prisoner, the prisoner is still under the jurisdiction of the sending sovereign, and is considered to be in the custody of the sending sovereign not the receiving sovereign); *Rios v. Wiley*, 201 F.3d 257, 273 n. 14 (3d Cir. 2000) (Petitioner remained in primary custody of State of California because, when a prisoner is in federal custody via a writ *ad prosequendum*, the state is the primary custodian "unless and until the first sovereign relinquishes jurisdiction over the prisoner")

(citations omitted), *superseded on other grounds*, 218 F.3d 246 (3d Cir. 2000).

Charlesworth argues that he had not yet been sentenced in the state case when he was taken into temporary federal custody via a federal writ of *habeas corpus ad prosequendum*. Notwithstanding this argument, the time Charlesworth spent in federal custody from August 19, 1983 until July 31, 1984 was credited toward his state sentence. Charlesworth is not entitled to credit on his federal sentence for time spent in federal custody where he received credit on his state sentence for that time. *McClain v. Bureau of Prisons*, 9 F.3d 503, 504 (6th Cir. 1993). *See also Rios*, 201 F.3d at 273 n. 14 (majority of courts addressing the meaning of section 3568 interpreted that statute to prohibit the award of "double credit") (citations omitted); *Jefferson v. United States*, 389 F.2d 385 (2d Cir. 1968) (petitioner who was transferred to federal officials from a state prison pursuant to a writ of *habeas corpus ad prosequendum* was not entitled to credit on his resulting federal sentence for the 79 days spent in federal custody because he received credit on his state sentence for that time); *United States v. Smith*, 812 F. Supp. 368, 374 (E.D. N.Y. 1993) (denying federal prisoner credit for time spent in a federal institution under a writ of *habeas corpus ad prosequendum*); *United States v. Love*, 555 F. Supp. 1041, 1043 (N.D. Cal. 1983) (no credit given on defendant's federal sentence for time spent in federal custody on a writ of *habeas corpus ad prosequendum* because he received state credit for that period of time) (citations omitted).

Accordingly,

IT IS RECOMMENDED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (filed-stamped January 7, 2005) be DENIED and that this civil action be DISMISSED with prejudice.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060. Failure to make timely objections to the magistrate judge's proposed findings and recommendations may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district

6

court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).

DATED at Denver, Colorado, this 13th day of April, 2005.

BY THE COURT:

Craig B. Shaffer
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
**Magistrate Judge Craig B. Shaffer**

### CERTIFICATE OF MAILING
Civil Action No. 05-N-0029 (CBS)

---

I hereby certify on _April 13_, 2005, a copy of the foregoing document entered by Magistrate Judge Shaffer was served by (*) hand delivery to or (**) depositing the same in the United States mail, to the following persons:

**Richard D. Charlesworth, #22579-048
FCI Florence
P.O. Box 6000
Florence, CO 81226
*Pro Se Applicant*

*Jerry N. Jones, Esq.
Assistant U.S. Attorney
OFFICE OF THE UNITED STATES ATTORNEY
**U.S.D.C. Box. No. 28**
*Counsel for Defendant*

_____
Deputy Clerk