IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00029-EWN-CBS

RICHARD D. CHARLESWORTH,
    Applicant,
v.

HECTOR A. RIOS, JR., Warden FCI Florence,
    Respondent.

_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Charlesworth's Motion for Release on Recognizance or Surety Pending Habeas Corpus Review (filed September 21, 2005) (doc. # 19). Pursuant to the February 14, 2005 General Order of Reference and the memorandum dated June 12, 2006 (doc. # 20), this matter was referred to the Magistrate Judge. The court has reviewed the matter, the entire case file, and the applicable law and is sufficiently advised in the premises.

    When Charlesworth filed his Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") (doc. # 2), he was serving a 71-month sentence that had commenced on September 21, 2000. (*See* Respondents' Answer to the Application for Writ of Habeas Corpus, Exhibit 2 at p. 6). Charlesworth's projected release date was November 15, 2005. (*See id.* at p. 6). The Petition set forth one claim alleging that Charlesworth was denied 11 months and 12 days credit for time served from August 19, 1983 to July 31, 1984. (Petition at p. 3; "Attachment" at pp. 1-2).

    On April 13, 2005, the Magistrate Judge issued a Recommendation (doc. # 16) on the Petition. The Magistrate Judge found that Charlesworth had received credit toward his state sentence for the time he spent in federal custody from August 19, 1983 until July 31, 1984 (*see* Respondents' Answer to the Application for Writ of Habeas Corpus, Exhibit 3

at ¶ 11). The Magistrate Judge recommended that the Petition be denied and that this civil action be dismissed with prejudice. The Recommendation remains pending before the District Judge.

Charlesworth has alleged that his release date was November 15, 2005. (*See* doc. # 19 at ¶ 6). On September 21, 2005, Charlesworth filed the instant motion, seeking to be released on bail in advance of his November 15, 2005 release date. "[B]ail pending post-conviction habeas corpus review" is available "'only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.'" *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992) (quoting *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974)). *See also Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981) ("it is within the inherent power of a federal district court to enlarge a state prisoner on bond, pending hearing and decision on a petition for habeas relief," upon "a showing of exceptional circumstances . . . , or a demonstration of a clear case on the merits of the habeas petition."

First, Charlesworth's Petition has not raised claims upon which he has a high probability of success. Currently pending before the District Judge is a Recommendation that the Petition be denied and this civil action be dismissed with prejudice. Charlesworth must also demonstrate that extraordinary circumstances exist that warrant bail. The records of the Federal Bureau of Prisons indicate that Charlesworth was released on November 15, 2005. Charlesworth has not made a showing of extraordinary circumstances. Charlesworth's request for bail appears to be moot in light of his release on November 15, 2005. Accordingly,

IT IS ORDERED that Charlesworth's Motion for Release on Recognizance or Surety Pending Habeas Corpus Review (filed September 21, 2005) (doc. # 19) is DENIED as moot.

DATED at Denver, Colorado, this 15th day of June, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge